**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 3, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

DARRELL ROLLINS, an individual,

Petitioner,

v.

ADMINISTRATIVE REVIEW
BOARD, UNITED STATES
DEPARTMENT OF LABOR,

Respondent.

---

AMERICAN AIRLINES, INC.

Intervenor.

No. 07-9521
(No. 04-140)
(Petition for Review)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE**, **BALDOCK**, and **LUCERO**, Circuit Judges.

---

Darrell Rollins challenges an order of the Administrative Review Board

affirming the dismissal of a complaint he filed with the Department of Labor,

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

under the whistleblower protection program in 49 U.S.C. § 42121, following the termination of his employment with American Airlines. The Board held that Mr. Rollins' written complaint had not been filed within the ninety-day period following the alleged violation as required by § 42121(b)(1), and refused to consider a belatedly raised argument regarding an earlier oral complaint. We review the Board's decision under the standards set out in the Administrative Procedures Act (APA), 5 U.S.C. §§ 701-706, *see Anderson v. U.S. Dep't of Labor*, 422 F.3d 1155, 1173 (10th Cir. 2005), and affirm for the reasons explained below.

We will set aside a decision of the Board only if we conclude that it is "arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). While, as the final phrase indicates, we review matters of law de novo, the Board's construction of the statutory scheme it is charged with implementing is entitled to judicial deference under the principles recognized in *Chevron U.S.A., Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837, 843-44 (1984). *See Anderson*, 422 F.3d at 1173. Thus, if the statute uses a vague or ambiguous term, "we do not simply impose our own construction on the statute, but rather, we must ascertain whether the [Board's] interpretation is a permissible construction of the statute." *Id.* at 1173-74.

The relevant chronology is not in dispute. On October 17, 2002, American issued a "Career Decision Day" disciplinary advisory to Mr. Rollins, presenting him with three choices: accept a transfer and comply with performance standards

expected by American, resign with certain benefits, or be terminated. On October 22, 2002, Mr. Rollins (who believed the poor performance evaluation prompting the advisory was a pretext to disguise retaliation for whistleblowing activities protected under § 42121(a)) refused to sign the advisory, effecting his immediate termination in accordance with its terms. He filed his administrative complaint more than ninety days after October 17, 2002, but less than ninety days after October 22, 2002. Thus, the timeliness issue here turns on the meaning and application of the reference in § 42121(b) to "*the date on which such violation* [of § 42121(a)] *occurs*" – i.e., did the alleged retaliation occur when the disciplinary advisory was issued or when Mr. Rollins chose the third of the three options imposed by the advisory?

The Board construed the statute to mean that "the limitations period begins to run when the employer communicates to the employee its 'final, definitive, and unequivocal' intent to implement an adverse employment decision [that violates § 42121(a)], rather than on the date on which the employee experiences the consequences of that decision." R. vol. 7, doc. 44 at 3. On that construction of the statute, the Board concluded that the operative event was the issuance of the advisory, which culminated the disciplinary process based on Mr. Rollins' job performance and required him to choose among three adverse consequences, *viz.*,

reassignment with acknowledgment of deficient performance, resignation, or termination.[1]

As the Board noted, the basic distinction between a discriminatory action and subsequent consequences or effects of such action has been recognized by the Supreme Court in a number of limitations contexts. *Id.* at 3 n.9 (citing *Chardon v. Fernandez*, 454 U.S. 6, 8 (1981)); *Del. State College v. Ricks*, 449 U.S. 250, 258 (1980)); *see also Ledbetter v. Goodyear Tire & Rubber Co.*, 127 S. Ct. 2162, 2169 (2007). The consistency of the Board's approach here with this line of authority certainly bespeaks a "permissible construction" of the limitations provision to which we should defer under *Chevron*.

The question remains, however, whether the Board's application of this approach to the facts here was arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law. *Fabi Constr. Co. v. Sec. of Labor*, 370 F.3d 29, 33 (D.C. Cir. 2004) (court of appeals "may set aside the [agency's] application of legal standards to facts only if it is arbitrary, capricious, an abuse of discretion or contrary to law" (quotation omitted)). In this regard, we ask whether the Board's "'decision was based on a consideration of the relevant factors and . . . whether there has been a clear error of judgment.'" *Friends of the*

---

[1] We note that § 42121(a) prohibits air carriers from "discharg[ing] an employee *or otherwise discriminat[ing] against an employee with respect to compensation, terms, conditions, or privileges* of employment." (Emphasis added).

*Bow v. Thompson*, 124 F.3d 1210, 1215 (10th Cir. 1997) (quoting *Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 416 (1971)); *see City & County of Denver v. Bergland*, 695 F.2d 465, 477 (10th Cir. 1982). The Board's decision, that Mr. Rollins' fate upon his rejection of a transfer or resignation had been finally and unequivocally sealed by the advisory, reflects its evaluation of relevant considerations, and we cannot say its conclusion constitutes a clear error of judgment. That we might have reached a different conclusion does not afford grounds to interfere with the Board's judgment, *Lamb v. Thompson,* 265 F.3d 1038, 1045-46, 1050 (10th Cir. 2001), nor is our deferential standard of review altered because the Board's analysis diverged from that of the ALJ,[2] *Varnadore v. Sec. of Labor*, 141 F.3d 625, 630 (6th Cir. 1998) (citing *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 496 (1951)); *Blackburn v. Martin*, 982 F.2d 125, 128 (4th Cir. 1992) (same), particularly as witness credibility is not at issue, *Hall v. U.S. Dep't of Labor*, 476 F.3d 847, 854 (10th Cir.) (noting Board's rejection of ALJ's credibility findings triggers heightened scrutiny), *cert. denied*, 128 S. Ct. 489 (2007).

---

[2] The ALJ divided the challenged disciplinary action into two components, one consisting of the advisory and the other of the termination, and applied § 42121(b) to each, holding the complaint time barred as to the advisory but not as to the termination. The ALJ went on to reject the latter claim on the merits for lack of evidence that the termination was an independently discriminatory act, i.e., evidence showing that Mr. Rollins' would not have been terminated, despite his rejection of the alternatives in the advisory, had he not been a whistleblower (showing, for example, that other employees were not terminated after rejecting similar advisories).

Finally, Mr. Rollins challenges the Board's refusal to hear his belatedly raised argument regarding an alleged oral complaint made by his former attorney within the § 42121 time period.[3] "[T]he general rule is well established that reviewing courts will not overturn an agency's strict application of its own procedural regulations so long as the rule is applied uniformly or with reasoned distinctions." *Tinker Air Force Base v. Fed. Labor Relations Auth.*, 321 F.3d 1242, 1246 (10th Cir. 2002). The Board denied Mr. Rollins' request, citing its own decisional law and saying: "Under our well-established precedent, we decline to consider an argument that a party raises for the first time on appeal." R., Vol. 7, doc. 44 at 4 n.11. Mr. Rollins has provided no basis for concluding that this was anything other than a straightforward application of a uniformly applied procedural rule.[4] As such, it is not subject to our interference. And if it were, we would not disturb the disposition of this administrative proceeding on

---

[3]     We note that the attorney's affidavit does not actually say she lodged an oral complaint (and there is no agency record acknowledging such a complaint). Rather, it indicates only that she spoke with agency personnel about how and where to file the written complaint. *See* R, Vol. 5, doc. 32, ex. II.

[4]     The only Board decision he cites in his briefing concerns the treatment of newly discovered evidence relating to issues raised before and determined by the ALJ, *see Timmons v. Mattingly Testing Serv.*, No. 95-ERA-40, 1996 WL 363348 (Admin. Rev. Bd. June 21, 1996) (discussing new evidence bolstering claimant's showing of retaliatory motive). That is, of course, a matter distinct from the interjection of entirely new arguments on appeal, and procedural uniformity does not require that the Board's approach to the one dictate or constrain its approach to the other.

the basis of the alleged oral complaint, given the equivocal nature of the proffered evidence of the complaint, *see* supra note 3, and the availability of this evidence from Mr. Rollins' own former attorney.

The petition for review is DENIED and the decision of the Administrative Review Board is AFFIRMED.

Entered for the Court

Mary Beck Briscoe
Circuit Judge